444 So.2d 1208 (1984)
In re Application of Bruno Justin APPERT, David William Bernberg, Tien-Chin Chang, K. Jayaraman, and Musa Rahman.
No. 84-OB-0222.
Supreme Court of Louisiana.
February 6, 1984.
Application to take bar examination granted. On the showing made it appears that applicants are foreign nationals lawfully within the United States. The Bar Committee is directed to consider such persons as resident aliens. See Application of Appert, 434 So.2d 413 (La.1983) and Application of Megwa, 404 So.2d 1234 (La. 1981).
DIXON, C.J., & DENNIS, J., concur in the order and further express the opinion that this Court never intended by its rules to give any technical or special meaning to the term "resident alien" but intended that it should apply to any foreign national lawfully living within the United States. See In re Griffiths, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973).
MARCUS, J., dissents from the order, being of the opinion that relators should first be qualified as a "resident alien" as defined in the immigration statutes before being admitted to the Louisiana State Bar.
BLANCHE, J., dissents with reasons.
BLANCHE, Justice (dissenting).
In the application before us, none of the applicants are resident aliens of the United States of America. Instead they are either on student visas or work permits.
*1209 In In Re Griffiths, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973), applicant was a resident alien, whose application to practice before the Connecticut bar had been denied because she was not a citizen of the United States. In permitting resident aliens the right to seek admission to the bar of the State of Connecticut the court defined resident aliens as follows:
"Resident aliens, like citizens, pay taxes, support the economy, serve in the Armed Forces and contribute in myriad other ways to our society."
It did not hold that all aliens lawfully living in the United States should be permitted to take the bar examination and be permitted to practice the law of a state. In permitting a resident alien the right to take the bar examination, it simply held that:
"The Committee has not established that it must exclude all aliens from the practice of law."
I especially dissent from any opinion that would permit all persons lawfully living in the United States to become eligible to practice law in the State of Louisiana. Furthermore, such a person is definitely not a resident alien. See the U.S.Code defining the many types of aliens therein enumerated.