819 So.2d 1020 (2002)
In re Richard John BOURKE.
No. 2002-OB-1468.
Supreme Court of Louisiana.
June 13, 2002.
Rehearing Denied July 9, 2002.
*1021 PER CURIAM.
This matter arises from a petition by Richard John Bourke, a citizen of Australia,[1] requesting that he be allowed to sit for the Louisiana bar examination. For the reasons that follow, we deny the petition.

UNDERLYING FACTS
In July 2001, petitioner filed an application to take the Louisiana bar examination. At the time he submitted the application, petitioner resided in Australia. The Committee on Bar Admissions subsequently notified petitioner that he would not be permitted to sit for the bar exam because he is neither a citizen of the United States nor a resident alien thereof, as required by Supreme Court Rule XVII, § 3(B).[2] However, the Committee advised petitioner that if he could demonstrate he was a "resident alien," his application would be reconsidered.
In 2002, petitioner arrived in the United States on an H-1B visa, a non-immigrant visa that enables him to work in this country in a professional capacity on a temporary basis.[3] He currently resides in New Orleans, where he is employed by a nonprofit legal organization. Thereafter, petitioner sought reconsideration of the Committee's ruling, asserting that he was now a "resident" of this country. The Committee denied petitioner's request, on the ground that the term "resident alien," as used in Rule XVII, § 3(B), applies to aliens who have been granted permanent resident status in the United States, not those who are merely residing in the country on a temporary basis.
Petitioner then applied to this court, seeking permission to sit for the Louisiana bar examination.

DISCUSSION
In In re Griffiths, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973), the United States Supreme Court held that under the *1022 Fourteenth Amendment, an alien who was legally entitled to reside in the United States on a permanent basis could not be denied admission to the bar solely based on her status as an alien. However, it is undisputed that petitioner in the instant case is a holder of a non-immigrant visa who is not entitled to live and work in the United States permanently. Petitioner has cited no authority which would indicate that an alien temporarily residing in the United States is entitled to the same constitutional protections with regard to admission to the bar as a permanent resident alien.
With reference to the parameters of equal protection expressed by the Court in Griffiths, we interpret the term "resident alien," as used in Supreme Court Rule XVII, § 3(B), as applying only to those aliens who have attained permanent resident status in the United States. To the extent that our prior decisions, including In re: Application of Appert, 444 So.2d 1208 (La.1984), and In re: Application of Respondek, 442 So.2d 435 (La. 1983), conflict with this holding, they are hereby overruled.
In sum, we find petitioner, who is not a United States citizen nor a permanent resident alien, does not satisfy the qualifications for admission to the Louisiana bar set forth in Supreme Court Rule XVII, § 3. Accordingly, his application to sit for the Louisiana bar examination is denied.
CALOGERO, Chief Justice, dissents and assigns the following reasons:
I disagree with the majority's opinion that petitioner must be a United States citizen or must have attained permanent resident status in the United States to meet the requirements for admission to the Louisiana bar. This court has recently addressed a similar issue, and at least two justices were in favor of appointing a committee to study the issue and perhaps make a recommendation to this court to clarify the law. In re: Nathalie Royot, 02-0969 (La.4/26/02), 819 So.2d 278; In re: Veronique Marty, Celine Moguen, and Youcef El Maouhab, 02-0325 (La.4/26/02), 819 So.2d 278. The court's action today illustrates the necessity for such a committee.
In In re: Appert, 444 So.2d 1208 (La. 1984) and In re: Application of Respondek, 442 So.2d 435 (La.1983), we held that "resident alien" referred to an alien that was lawfully residing in the United States. I see no reason to overrule this prior jurisprudence, as the majority is now doing. Therefore, because petitioner is lawfully residing in the United States, I would consider him a "resident alien" as required by Supreme Court Rule XVII, § 3(B), and I would grant petitioner's application to sit for the Louisiana bar exam.
NOTES
[1] Petitioner graduated from the University of Melbourne Law School in Melbourne, Australia, and has been admitted to practice as a barrister and solicitor in the courts of Australia since 1995.
[2] Supreme Court Rule XVII, § 3 states in pertinent part:

Every applicant for admission to the Bar of this state shall meet all of the following requirements: ...
(B) Be a citizen of the United States or a resident alien thereof.
[3] Petitioner's visa is valid until January 1, 2005.