824 So.2d 1135 (2002)
In re APPEAL OF Raphaele R. Favre SCHNYDER.
No. 2002-OB-1763.
Supreme Court of Louisiana.
July 17, 2002.
Permission to take the bar examination denied.
CALOGERO, C.J., would grant the petition.
KNOLL and WEIMER, JJ., would grant the petition and assign reasons.
KNOLL, J., would grant the petition and assigns reasons.
I would grant petitioner's writ and permit her to sit for the July bar examination. *1136 I find petitioner's circumstances unique and distinguishable from the petitioner's circumstances in In re: Bourke, 02-1468 (La.06/14/02), 819 So.2d 1020, in that she attended an accredited law school in Louisiana for the previous two years, anticipating she would be granted permission to sit for the bar examination, whereas the petitioner in In re: Bourke was educated at a foreign law school and merely working in this country. Thus, while I agree with this court's holding in In re: Bourke, I would not apply the ruling retroactively to this matter. I find refusing petitioner permission to sit for the July bar examination is unduly harsh under these circumstances, not only to her but to the accredited law school where she attended and which recruited her. However, beyond this year's class, I would require all applicants seeking to take the bar examination to satisfy the permanent resident alien requirement and ensure the Louisiana law schools are so advised.
WEIMER, J. would grant the petition and assigns reasons.
This most recent application by a temporary resident alien for permission to sit for the July bar examination raises the specter of individuals who have been notified prior to our decision in In re: Bourke, 02-1468 (La.6/14/02), 819 So.2d 1020, that they could sit for the exam, only to be informed on the eve of that exam that they can no longer sit for that exam. Their situation demonstrates the unfairness of applying our decision in In re: Bourke retroactively. Although I agree with this Court's determination that our prior decisions on this issue, including In re: Application or Appert, 444 So.2d 1208 (La.1984) and In re: Application of Respondek, 442 So.2d 435 (La.1983), are incorrect, because of the length of time that contrary jurisprudence existed and the reliance individuals placed on the existence of the former rule, I would revisit the issue of retroactivity and apply In re: Bourke prospectively only. In addition, I would sua sponte review the petitions of those individuals to whom this Court has retroactively applied In re: Bourke, and grant these individuals permission to sit for the July bar examination.